IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| WILLIAM BOYD PIERCE, PRO SE, <br> TDCJ-CID No. 1208957, <br> Previous TDCJ-CID No. 411855, <br> Previous TDCJ-CID No. 473279, <br><br> Plaintiff, <br><br> v. <br><br> RICK THALER ET AL., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § 2:11-CV-0266 <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

Plaintiff WILLIAM BOYD PIERCE, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against eight defendants employed by or otherwise associated with the Texas Department of Criminal Justice and has been granted permission to proceed in forma pauperis. On June 22, 2012 the Court issued an Order of Partial Dismissal, dismissing defendants BRUCE ZELLER, JOHN ADAMS, J. BAKER, LARRY BERGER, and BRIAN CLARK. The remaining defendants[1] were ordered to answer and answers have been received from defendants LEEAH and HUGHES. The Attorney General, acting as amicus curiae, has advised that defendant THALER will not waive service in this case. Plaintiff has moved for service of process on defendant THALER and filed an Objection to the Answer submitted by defendants LEEAH and HUGHES.

On August 10, 2012, the Court issued a Show Cause Order requiring plaintiff to respond and show cause why his claims against defendants THALER and LEEAH should not be dismissed.

---

[1] The only remaining claim in this cause is plaintiff's claim that the refusal of a dental prosthetic violates his Eighth Amendment right not to be subjected to cruel and unusual punishment.

Plaintiff was instructed that if he chose to respond by filing an Amended Complaint to cure the pleading defects set forth in the Order, he should set forth all facts concerning his dental claim against defendants THALER and LEEAH, as well as HUGHES, not legal argument. In connection with his dental claim, plaintiff was instructed to list each act and/or omission by each defendant on which he bases his claim for relief.

Plaintiff filed his response on August 21, 2012.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). "[N]egligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

By his Complaint, plaintiff alleges defendant THALER knew of plaintiff's claims alleged against the remaining defendants but did nothing about it. Plaintiff also states defendant THALER is responsible for the overall operation of the Texas prison system. As to defendant LEEAH, by his August 8, 2012 Objections to Defendants Hughes and Leeah's Original Answer and Jury Demand, plaintiff states defendant LEEAH never spoke to plaintiff about this issue and knew of plaintiff's claim because "he [Leeah} was mentioned in both Step One and Step Two Grievance, also was sent several I-60's and Plaintiff also sent Leeah a stamped letter addressed to him personally . . . ."

Nothing in plaintiff's allegations contained in his complaint is sufficient to support a claim that defendants THALER and LEEAH, or either of them, actually had personal knowledge of facts indicating plaintiff needed dentures and the failure to provide such dentures would place plaintiff's health in substantial danger. By his August 21, 2012 Response, plaintiff does not mention defendant THALER or make any additional allegation against him. Further, plaintiff's August 21, 2012 Response only alleges that defendant LEEAH is a doctor on the Clements unit where plaintiff is assigned but that plaintiff cannot simply go speak to him. Plaintiff says he wrote him a letter and assumes he received it.

It is clear plaintiff that, despite the appearance given in his earlier pleadings, plaintiff is not alleging that defendant LEEAH was personally involved in the denial of dentures to plaintiff. Further, in light of his show cause response, plaintiff has demonstrated he cannot present any factual allegations of that nature. In short, plaintiff does not allege he ever asked to be evaluated by defendant LEEAH or any other medical personnel to determine his eligibility for dentures and does not allege any medical caregiver, aside from defendant HUGHES, has evaluated him and denied his request for dentures. Plaintiff's contention that defendant LEEAH is a doctor, that plaintiff sent him a letter, and even that defendant LEEAH has access to plaintiff's medical file may support, at most, a claim of negligence against LEEAH, if even that. Negligence is not sufficient to support a claim for relief under section 1983. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Graves v. Hampton,* 1 F.3d 315, 319 (5th Cir.1993).

Plaintiff has further alleged defendant LEEAH is the Northern Regional Director of healthcare in the prison system and that defendant THALER is responsible for the overall operation of the prison system. Thus, it appears plaintiff's claims against these defendants, in whole or in part, are based upon their supervisory positions. A supervisory official may be held

liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff's complaint, August 8, 2012 Objection, and August 21, 2012 Response, considered together, do not contain allegations showing personal involvement by either defendant LEEAH or THALER; and plaintiff has alleged no fact showing any causal connection between their acts and the alleged constitutional violation.

## CONCLUSION

Pursuant to Title 28 U.S.C. sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Claims filed pursuant to Title 42, United States Code, Section 1983, by plaintiff WILLIAM BOYD PIERCE against defendants RICK THALER and BENJAMIN LEEAH be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.

It is SO ORDERED.

Signed this the 27th day of September, 2012.

MARY LOU ROBINSON
United States District Judge

5